# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-99-G |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Terry Wilson brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income ("SSI") under Title XVI of the Social Security Act, *id.* §§ 1381-1383f. Upon review of the administrative record (Doc. No. 10, hereinafter "R. \_"),[2] and the arguments and authorities submitted by the parties, the Commissioner's decision is affirmed.

### PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB and SSI applications on March 20, 2015, alleging disability beginning February 18, 2015. R. 11, 174-90. The SSA denied Plaintiff's

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

application initially and on reconsideration. R. 56-97. At Plaintiff's request, an administrative law judge ("ALJ") held a hearing on October 11, 2016. R. 33-55. The ALJ issued an unfavorable decision on December 1, 2016. R. 8-20.

The ALJ followed the five-step sequential evaluation process in determining Plaintiff was not entitled to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had worked since her disability-onset date, but her earnings had not constituted substantial gainful activity for purposes of determining eligibility for DIB and SSI. R. 13. At step two, the ALJ determined that Plaintiff has severe impairments consisting of obesity, spinal stenosis, and dysfunction of major joints. R. 14.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16-17.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") during the relevant period, based on all her medically determinable impairments:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb ramps or stairs, but can never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl.

R. 17.

Based on the hearing testimony of the vocational expert, the ALJ determined at step four that Plaintiff can perform her past relevant work as credit clerk and dispatcher both as actually and generally performed, and her past relevant work as rental clerk as actually

2

performed. R. 19-20. Thus, the ALJ determined Plaintiff is not disabled within the meaning of the Social Security Act. *Id.*; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), (f); 416.920(a)(4)(iv), (f).

The SSA Appeals Council denied review of the ALJ's decision, R. 1-6, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481.

STANDARD OF REVIEW

This Court's judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). Though a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its

3

own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

Plaintiff alleges that the ALJ failed to properly evaluate the "intensity, persistence and functionally limiting effects of [Plaintiff's] symptoms." Pl.'s Br. (Doc. No. 12) at 3-7. She further alleges that the ALJ "improperly granted partial weight to an objective test and improperly weighed the opinion." *Id.* at 7-10.[3]

A. *The ALJ's Analysis of Plaintiff's Symptoms*

1. *The Two-Step Process for Evaluating Symptoms*

Social Security Ruling 16-3p prescribes that an ALJ will engage in a two-step analysis in evaluating a claimant's impairment-related symptoms. First, the ALJ must "consider whether there is an underlying medically determinable . . . impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017); *see also id.* at *1 (prescribing that the Ruling applies to SSA decisions issued on or after March 28, 2016). Second, if such an impairment is established, the ALJ must "evaluate the intensity and persistence" of the claimant's symptoms "to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." *Id.* at *3; *see also* 20 C.F.R. § 404.1529(c) (2016).

---

[3] Plaintiff also contends the ALJ "never determines the weight to be granted to the Consultative examiner who's [sic] opinion conflicts with the ALJ's finding." Pl.'s Br. at 8. Plaintiff was not examined by a consultative examiner, however, and Plaintiff cites no such opinion in the medical evidence of record.

4

2. *The ALJ's Consideration of the Medical Evidence*

At the first step, the ALJ thoroughly discussed the medical evidence. Relevant to Plaintiff's obesity, the ALJ addressed Plaintiff's body mass index, as well as the directives of Social Security Ruling 02-1p, 2002 WL 34686281 (Sept. 12, 2002), and found that Plaintiff's "Level III obesity alone causes significant limitation in her ability to perform basic work activities." R. 18. Relevant to Plaintiff's spinal stenosis and dysfunction of major joints, the ALJ noted an x-ray taken in 2011, prior to the alleged onset date, that demonstrated mild degeneration of the hip joints. R. 18, 333. An x-ray of her lumbar spine in 2013 demonstrated degenerative changes at L2-L3 and L5-S1. R. 18, 389. The ALJ also discussed: an April 2015 hip x-ray; treatment notes and medication prescriptions from September 2015, April 2016, August 2016, and September 2016; and a July 2016 lumbar-spine MRI "that revealed cord encroachment at T11-T12 and central spine stenosis." R. 18, 451, 471-73, 491-92, 494-96, 497-98, 597-99. The ALJ additionally considered the state-agency reviewing physicians' opinions, which had found that Plaintiff could perform light work, and gave them partial weight. R. 18-19, 62-64, 71-73, 83-85, 93-95.

Based on his review of the evidence, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." R. 18. Plaintiff does not challenge this finding by the ALJ.

3. *The ALJ's Evaluation of Plaintiff's Limitations*

Relevant to the second step, the ALJ summarized Plaintiff's allegations of functional limitations resulting from her impairments:

5

> The claimant makes the following allegations regarding the intensity, persistence, and limiting effects of her symptoms. The claimant alleged disability due to a back impairment (Exhibit B3E/2). She testified that she has back pain, stiffness, difficulty walking, and difficulty sitting. She reported that her impairments affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, concentrate and use her hands.

R. 17.

The ALJ then found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." R. 18. Plaintiff challenges this second-step assessment of Plaintiff's symptoms, and the effect of those symptoms upon Plaintiff's ability to work, as failing to comport with the requirements of Social Security Ruling 16-3p. Specifically, Plaintiff argues that the ALJ placed too much import on Plaintiff's ability to perform activities of daily living and ignored the July 2016 lumbar-spine MRI. *See* Pl.'s Br. at 3-7. The Court disagrees.

First, the ALJ relied upon Plaintiff's own function report in noting that Plaintiff reported that she is able to prepare meals, clean, vacuum, do laundry, go shopping, pay bills, read, work on crossword puzzles, spend time with others, go to the library, and perform other tasks. R. 17, 246-55. Plaintiff does not allege that the ALJ misstated any of this evidence. And the ALJ could properly reference Plaintiff's "[d]aily activities" in considering "the intensity, persistence, and limiting effects" of Plaintiff's symptoms. SSR 16-3p, 2017 WL 5180304, at *7; *see* 20 C.F.R. § 404.1529(c)(3)(i). It is true that a claimant's activities of daily living do not, by themselves, determine the claimant's ability to work, as "sporadic performance of household tasks or work does not establish that a

6

person is capable of engaging in substantial gainful activity." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (alteration and internal quotation marks omitted); *accord Gossett v. Brown*, 862 F.2d 802, 807 (10th Cir. 1988). But Plaintiff's own characterization of her activities shows that they were far from "sporadic." The ALJ reasonably found that Plaintiff "has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." R. 17. There was no error in the ALJ's consideration of these self-reported "daily activities." 20 C.F.R. § 404.1529(c)(3)(i); *see Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010); *Rabon v. Astrue*, 464 F. App'x 732, 735 (10th Cir. 2012).

Further, the ALJ did expressly consider the July 2016 MRI results, both as noted above and when weighing the state-agency reviewing physicians' opinions. R. 18, 19. The MRI report does not purport to address Plaintiff's prognosis or functional limitations, R. 497-98, and Plaintiff's argument that these MRI results mandate a certain RFC finding is meritless. *See Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016) ("The mere diagnosis of a condition does not establish its severity or any resulting work limitations.").

### 4. Conclusion

In sum, the ALJ's overall assessment of Plaintiff's subjective symptoms is "closely and affirmatively linked to substantial evidence" in the record. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1172 (10th Cir. 2012) (internal quotation marks omitted). And Plaintiff has not shown that the ALJ failed to comply with the directives of Social Security Ruling 16-3p or 20 C.F.R. § 404.1529(c) in any material manner. The Court, giving the requisite "special deference" to the ALJ's findings, therefore finds that the ALJ's assessment of

Plaintiff's subjective symptoms does not undermine the RFC determination and that remand on this basis is not warranted. *Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007).

B. *The ALJ's Evaluation of the MRI Test*

As noted above, the ALJ discussed in the written decision a July 5, 2016 MRI. *See* R. 18. Plaintiff contends that the ALJ improperly granted partial weight to this MRI and improperly failed to treat the reviewing physician's MRI findings as a treating-physician opinion.

Plaintiff here misconstrues the portion of the ALJ's decision in which the ALJ discusses why he had given only "partial weight" to the state-agency physicians who reviewed the medical records and concluded that Plaintiff could perform light, as opposed to only sedentary, work. The ALJ relied on the interpretation of the MRI and other medical evidence in the record to find Plaintiff was actually "somewhat further limited" than these reviewers had opined and to ultimately prescribe a sedentary RFC for Plaintiff:

> As for the *opinion evidence*, Shelly Venters, M.D. and Luther Woodcock, M.D., State agency medical consultants found that the claimant had a light residual functional capacity, could occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and frequently stoop, kneel, crouch, and crawl (Exhibit B3A/5-7, B4A/5-7, B7A/6-8, and B8A/6-8). The undersigned grants *this opinion partial weight*, as the claimant is somewhat further limited. Imaging revealed hip degeneration (Exhibit B4F/61). Additionally, her BMI is in the obese range (Exhibit B7F/5-7). Further, the claimant complained of back pain and an MRI of her lumbar spine showed central spinal stenosis (Exhibit B8F/17-18). Therefore, *this opinion is granted partial weight*.

R. 18-19 (emphasis added). Therefore, it is clear from the written decision that Plaintiff did not give partial weight to the MRI itself. Plaintiff offers no reason that the ALJ could not properly assign partial weight to the state-agency examining physicians' opinions.

8

In addition, Plaintiff offers no support for his proposition that the doctor who reviewed the MRI scan was Plaintiff's treating physician and points to no evidence that this doctor ever personally saw or examined Plaintiff or ever prescribed any functional limitations relevant to Plaintiff.

Accordingly, Plaintiff's second assignment of error is without merit.

## CONCLUSION

For the reasons outlined above, the decision of the Commissioner is affirmed. A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of September, 2019.

_____
CHARLES B. GOODWIN
United States District Judge